UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUIS DELPIDIO, et al., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-349WES |
| | : | |
| NICHOLAS FIORILLO, et al. | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the motion of *pro se* Defendant Nicholas Fiorillo to consolidate this case[1] that he purportedly removed from the Massachusetts Superior Court (Barnstable) with a civil action that he filed in this Court, Gotspace Data LLC v. NE Edge, LLC, 23-cv-121WES.  ECF No. 3.[2]  Plaintiffs Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust (collectively, "Mr. Delpidio") have objected to the motion.[3]

Claiming that it will serve judicial economy, Mr. Fiorillo accurately represents that he is a *pro se* litigant in each of these cases.  Otherwise, the balance of his representations about the commonality of parties, law and fact among these cases appear to be at least partly untrue.  For

---

[1] This case has been pending in the Barnstable County Superior Court of the Commonwealth of Massachusetts since June 16, 2023.  ECF No. 1-1 at 1, 14.  In that court, it is captioned as Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust v. Fiorillo and Ocean Vacations, LLC and is designated variously as 23-cv-0230 and 2372-cv-00230.  Id. at 14, 24.

[2] The motion also asks the Court to stay "all related proceedings," ECF No. 3 at 1, it is not clear what Mr. Fiorillo wants the Court to stay.  Id. at 1-2.  The Court has disregarded this aspect of the motion; to the extent that Mr. Fiorillo intended to ask the Court to stay something, the motion is denied.

[3] The objection was filed late, as explained by Mr. Delpidio, because he was aware that the Court had ordered payment of the filing fee, which was not paid until September 26, 2023.  Finding that this amounts to cause sufficient to excuse the delay pursuant to Fed. R. Civ. P. 6(b)(1)(B), Mr. Delpidio's opposition memorandum has been accepted and considered.

example, Mr. Fiorillo represents that "Mssrs. Delpidio . . . and Green" are parties joined in both cases. Nor does this simple case alleging breach of contract, fraud and conversion as to three Massachusetts properties appear to implicate the issues of law and fact (e.g., racketeering, unlawful wiretapping, and breach of FDIC banking regulations) alleged in 23-cv-121WES; indeed, the real estate in issue in this case does not appear to be mentioned in 23-cv-121WES. Nor does Mr. Fiorillo's representation in the motion that judicial economy would be served appear to be accurate; by way of just one example in 23-cv-121WES, Mr. Fiorillo has named (but not yet served as far as the docket reveals) over seventy persons and entities, including by way of example Apple Inc., T-Mobile, the City of Boston and various officials and agencies of the City – as far as the pleadings reveal, none of these are implicated in any way in the facts presented in this case. It is conceivable that subsequent proceedings will reveal commonality such that consolidation might yield efficiency. However, it is premature to make that determination at this phase, particularly where, in 23-cv-121WES, none of the defendants have yet been served and appeared. More importantly, on October 12, 2023, I issued a report and recommendation recommending that this case be remanded to state court. Therefore, consolidation is not appropriate at this time.

      Based on the foregoing, Mr. Fiorillo's motion to consolidate (ECF No. 3) this case with 23-cv-121WES is denied. A similar order will issue in 23-cv-121WES denying the corresponding motion to consolidate.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
October 12, 2023