UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUIS DELPIDIO, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 23-349WES |
| | : | |
| NICHOLAS FIORILLO, et al., | : | |
|     Defendants. | : | |

**REPORT AND RECOMMENDATION TO REMAND CASE TO MASSACHUSETTS STATE COURT AND ORDER TO SHOW CAUSE WHY SANCTIONS AND INJUNCTION SHOULD NOT BE ORDERED**

Referred to me[1] is the emergency motion[2] of Plaintiffs Louis Delpidio, suing as Trustee of three "House Trusts" for three properties located in Nantucket and West Yarmouth, Massachusetts (collectively "Mr. Delpidio") (ECF No. 5), for remand of this case[3] that was removed from the Massachusetts Superior Court (Barnstable) by *pro se* Defendant Nicholas Fiorillo. It is unclear whether the other defendant consented to the removal. Mr. Delpidio asks for sanctions pursuant to 28 U.S.C. § 1447(c) and an injunction based on Mr. Fiorillo's vexatious

---

[1] This motion was referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A), as is customary in this District for motions to remand. See Blue Cross & Blue Shield of R.I. v. Korsen, 746 F. Supp. 2d 375, 379 (D.R.I. 2010); cf. ML-CFC 2007-6 P.R. Properties, LLC v. BPP Retail Properties, LLC, 951 F.3d 41, 49 n.4 (1st Cir. 2020). Some appellate courts that have addressed this question have held that a motion to remand should be considered dispositive. See, e.g., Flam v. Flam, 788 F.3d 1043, 1046-47 (9th Cir. 2015) ("Each of our sister circuits to consider the question has held that a motion to remand is a dispositive one, and therefore concluded that a remand order is beyond the power of a magistrate judge to issue."). The question is complicated for this removal because it implicates not just remand of a 28 U.S.C. § 1441 removal (which is not appealable and arguably nondispositive by statute, see § 1447(d)), but also § 1443 (which is subject to a right of appeal). To avoid a potential legal quagmire that might delay the remand, Stefanik v. City of Holyoke, 597 F. Supp. 2d 184, 185 (D. Mass. 2009), I am issuing a report and recommendation.

[2] Mr. Fiorillo's notice of removal was filed on August 29, 2023, and Mr. Delpidio's emergency motion to remand was filed with leave of Court on October 5, 2023. To the extent that procedural grounds for remand may be deemed waived because the motion was filed more than thirty days after the removal notice was filed, 28 U.S.C. § 1447(c), my recommendation remains the same based on the lack of subject matter jurisdiction. Id.

[3] This case has been pending in the Barnstable County Superior Court of the Commonwealth of Massachusetts since June 16, 2023. ECF No. 1-1 at 1, 14. In that court, it is captioned as Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust v. Fiorillo and Ocean Vacations, LLC and is designated variously as 23-cv-0230 and 2372-cv-00230. Id. at 14, 24.

litigation tactics. For the reasons that follow, I agree and recommend that the Court order that this case be remanded forthwith. In addition, because of the egregiousness of Mr. Fiorillo's conduct in this case and others, pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power, I further order that Mr. Fiorillo must show cause in writing why his conduct in removing this case and others to this Court should not be sanctioned and why he should not be enjoined from continuing such conduct.

I.      Background

The underlying state court case was filed in the Massachusetts Superior Court (Barnstable) on June 16, 2023, almost two and a half months before the purported removal. Mr. Fiorillo was served on June 22, 2023. ECF No. 1-1 at 24. On the face of the complaint, the case is based on Massachusetts state law (breach of a contract, fraud and conversion related to the three Massachusetts real estate properties) and is between a Massachusetts trustee,[4] an individual (Mr. Fiorillo) who is a resident and presumptively a citizen of Massachusetts and a Massachusetts entity (Ocean Vacations, LLC).[5] Id. at 3-8. Nothing in the pleading or the

---

[4] The citizenship of a trust for purposes of diversity jurisdiction can be a complex issue. See DMB Fin. LLC v. Symple Lending LLC, Civil Action No. 21-12065-FDS, 2022 WL 16573978, at *1 (D. Mass. May 3, 2022) (citizenship of trustee and beneficiaries or both may be pertinent to citizenship of trust); U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Dedoming, 308 F. Supp. 3d 579, 580 (D. Mass. 2018) (generally citizenship of trustee is controlling for purposes of diversity analysis). In this instance, each trust's sole asset is Massachusetts real estate, ECF No. 1-1 at 3-4, and the trustee (Mr. Delpidio) is represented in other pleadings filed by Mr. Fiorillo as a resident of Massachusetts with a business office in Massachusetts. See Raymond C. Green, Inc. Tr. v. Delpidio, 23-cv-365 (D.R.I. Sept. 4, 2023), ECF No. 1-2 at 6 ¶ 3 ("Louis Delpidio is an individual who . . . resides in Massachusetts and has an office address at 275 Tremont St., Boston, MA."); id., ECF No. 4 at 4 ("Delpidio and Fiorillo are both individuals who reside in Massachusetts."). Mr. Fiorillo and Mr. Delpidio are alleged to be the sole beneficiaries of the three trusts. ECF No. 1-1 at 4. Mr. Fiorillo's removal notice provides no contrary information; therefore, he has failed to sustain his burden of showing that Mr. Delpidio as trustee is not a citizen of Massachusetts for purposes of examining diversity of citizenship. This is consistent with Judge Sorokin's finding that Mr. Fiorillo failed to sustain his burden of showing that the parties in this case are diverse. Delpidio as Tr. of Lewis Bay Beach House Tr. v. Fiorillo, Civil No. 23-11473-LTS, 2023 WL 4373912, at *1 (D. Mass. July 6, 2023), affirmed, C.A. No. 23-1567 (1st Cir. July 18, 2023).

[5] Ocean Vacations, LLC, is represented to be a Massachusetts corporation with its principal place of business in Massachusetts. ECF No. 1-1 at 4. Its members are not revealed, although Mr. Fiorillo is represented to be its "lone managing corporate officer." Id. In another pleading filed by Mr. Fiorillo, Ocean Vacations, LLC, is alleged to have

removal notice suggests that there is complete diversity of citizenship. There are no claims arising from the Constitution, laws or treaties of the United States. There are no claims of race discrimination or that Mr. Fiorillo is a government official compelled by state law to violate civil rights.

This is Mr. Fiorillo's second attempt to remove this state court case to federal court. His first attempt was rejected based on the lack of federal subject matter jurisdiction in Delpidio as Tr. of Lewis Bay Beach House Tr. v. Fiorillo, Civil No. 23-11473-LTS, 2023 WL 4373912, at *1 (D. Mass. July 6, 2023). This determination was affirmed on appeal. See C.A. No. 23-1567 (1st Cir. July 18, 2023). The vexatious nature of Mr. Fiorillo's conduct in removing cases has been the subject of an injunction and a fee award. Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1, 2-3 (D. Mass. July 5, 2023) (listing thirteen failed attempts by Mr. Fiorillo to remove cases to District of Massachusetts; awarding sanctions and entering injunction to "curb [Mr. Fiorillo's] vexatious or abusive litigation conduct"), aff'd, C.A. No. 23-1583 (1st Cir. July 18, 2023).[6]

Importantly, in remanding this case, Judge Sorokin cautioned Mr. Fiorillo that his *pro se* status does not exempt him from sanctions for his frivolous or abusive conduct. Delpidio as Tr., 2023 WL 4373912, at *1. Yet, Mr. Fiorillo ignored the holding and caution of the District of Massachusetts that this case is not removable based on lack of subject matter jurisdiction. On

---

Mr. Fiorillo's residence as its principal place of business and to be owned in part by Mr. Fiorillo. Raymond C. Green, Inc. Tr. v. Delpidio, 23-cv-365 (D.R.I. Sept. 4, 2023), ECF No. 1-2 at 7-8.

[6] Mr. Fiorillo has also improperly filed seriatim notices of removal of a state court case in the federal court in Connecticut. Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, No. 3:22-cv-1331 (KAD), 2022 WL 17496224, at *1-2 (D. Conn. Dec. 8, 2022) (ordering remand based on lack of subject matter jurisdiction, lack of basis for § 1443 removal, and untimeliness of removal); Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, Civil No. 3:22-cv-1324 (AWT), 2022 WL 17413951, at *1-2 (D. Conn. Dec. 5, 2022) (ordering remand based on lack of subject matter jurisdiction and untimeliness of removal).

August 29, 2023, he filed in this Court a notice that invokes 28 U.S.C. §§1441, 1443, 1446 and "hereby removes to this Court the above-captioned State Court action," purportedly in response to "the recent and numerous violations of Federal statute, constituting gross violation of his Constitutional, civil rights." ECF No. 1 at 1. In his notice, Mr. Fiorillo failed to disclose that this case had already been removed and remanded. Further, when Mr. Fiorillo filed his notice in this Court, the Court ordered him to pay the filing fee or file an *in forma pauperis* motion to excuse non-payment and included the following caution:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

Text Order of Aug. 29, 2023. Following the entry of this text order, Mr. Fiorillo ignored the Court's caution and persisted by paying the filing fee in this case and continued to remove cases to the District of Rhode Island from Massachusetts state courts.

Mr. Delpidio contends that Mr. Fiorillo's removal of this case is fatally defective. Based on these defects, he asks the Court to summarily remand the matter, enjoin further removals and award him his reasonable fees, expenses and costs incurred as a result of the removal.

## II.   Applicable Law and Analysis

Whether a state action may be removed to federal court begins with examination of whether there is federal jurisdiction. Rhode Island v. Smart Green Solar, LLC, C.A. No. 23-298-JJM-LDA, 2023 WL 6276571, at *1 (D.R.I. Sept. 26, 2023); Deaton v. Johnson, C.A. No. 20-78WES, 2020 WL 4673834, at *5 (D.R.I. Aug. 12, 2020). The party seeking to remove a case to federal court must shoulder the burden of demonstrating the existence of federal jurisdiction. Cardillo v. Cardillo, 360 F. Supp. 2d 402, 414 (D.R.I. 2005). "The removal statute, moreover,

should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." Id. (internal quotation marks omitted). In addition to federal subject matter jurisdiction, to sustain a state court case in federal court based on removal pursuant to 28 U.S.C. § 1441 or § 1443, the party seeking to remove must establish and must meet the statutory prerequisites to removal in § 1441(a) and § 1443, as well as the procedural requirements in § 1446.

For § 1441 removal, the case must be a civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). That is, the case is removable based on diversity of citizenship if the party alignment and amount in controversy is sufficient to satisfy the requirements of 28 U.S.C. § 1332(a), as long as no defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b)(2); Spitlany v. Fiorillo, 579 F. Supp. 3d 265, 268 (D. Mass. 2022), appeal dismissed, No. 23-1090, 2023 WL 4748187 (1st Cir. 2023). Also removable are cases that include a claim arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. 28 U.S.C. § 1441(c). Unless the case would have properly invoked federal subject matter jurisdiction based either on § 1331 or § 1332, it may not be removed to federal court pursuant to § 1441. Smart Green Solar, LLC, 2023 WL 6276571, at *1. Thus, the "original jurisdiction" requirement is essential for the federal court to have subject matter jurisdiction over the removed case. Simply mentioning a federal issue in a complaint is insufficient to create federal subject-matter jurisdiction. Id.; Raymond C. Green Tr. v. Fiorillo, Civil Action No. 22-11724-ADB, 2022 WL 16857197, at *1 (D. Mass. Nov. 10, 2022). "As a matter of common practice, a district court confronted with a question of subject matter jurisdiction . . . only asks whether the complaint, on its face, asserts a colorable

5

federal claim." BIW Deceived v. Loc. S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 832 (1st Cir. 1997).

Section 1441 removal of this case fails because this Court lacks subject matter jurisdiction in that it is plain from the face of the underlying complaint that no federal court (that is, neither the District of Massachusetts nor the District of Rhode Island) would have had "original jurisdiction" over this case. Spitalny, 579 F. Supp. 3d at 268. "'[T]he assertion of a federal claim by a defendant in its notice of removal cannot support the exercise of federal question jurisdiction.'" Raymond C. Green Tr., 2022 WL 16857197, at *1 (quoting Watson v. Toure, Civil No. 20-10349-PBS, 2020 WL 837360, at *2 (D. Mass. Feb. 20, 2020)). For this reason, as the District of Massachusetts has already held, Delpidio as Tr., 2023 WL 4373912, at *1, and the First Circuit has already affirmed, to the extent that Mr. Fiorillo relies on § 1441(a), this Court lacks subject matter jurisdiction and remand is required pursuant to 28 U.S.C. § 1447(c). Raymond C. Green Tr., 2022 WL 16857197, at *1.

For § 1443 removal, the case must be a civil action or a criminal proceeding against a defendant who has been denied and cannot enforce his/her constitutional right of equal protection in the state court. 28 U.S.C. § 1443; see Raymond C. Green Tr., 2022 WL 16857197, at *1-2 (remanding state court eviction action removed by Mr. Fiorillo pursuant to § 1443). That statute provides:

> Any of the following civil actions . . . , commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

>    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Under the first subpart, "[t]he Supreme Court has construed this statutory language as being limited to 'any law providing for specific civil rights stated in terms of racial equality.'" Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see Imasuen v. Winn Prop. Mgt., Civil Action No. 13-13204-DPW, 2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013) (removed summary process case subject to remand where first subpart did not apply). That is, the removing defendant must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality," as well as that he has been "denied or cannot enforce" the specific civil rights in state court. Parris v. Parris, Civil Action No. 4:17-CV-504, 2017 WL 5184567, at *3 (E.D. Tex. Nov. 9, 2017) (internal quotation marks omitted). As to the second subpart, "[r]emoval pursuant to § 1443(2) is 'available only to federal officers and to persons assisting such officers in the performance of their official duties.'" Nickerson-Malpher v. Wells Fargo Bank, C.A. No. 10-1033-JLT, 2010 WL 3069950, at *3 (D. Mass. Aug. 3, 2010) (quoting City of Greenwood v. Peacock, 384 U.S. 808, 815 (1966)); see Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023), cert denied, ___ S. Ct. ___, 2023 WL 6378762 (Oct. 2, 2023) (§ 1443(2) applies only to federal officers, state officers, and those assisting them in the performance of their official duties). Section 1443 has been interpreted narrowly by the Supreme Court, which holds that it applies only "in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of

Greenwood, 384 U.S. at 828. Nothing in the underlying complaint or Mr. Fiorillo's notice of removal establishes racial equality allegations or that the case implicates Mr. Fiorillo's role as a federal/state officer or a person assisting such officers. See Raymond C. Green Funding, LLC v. Ocean Dev. Precinct I, LLC, 3:22-cv-1331 (KAD), 2022 WL 17496224, at *1-2 (D. Conn. Dec. 8, 2022) (noting defects in Fiorillo's § 1443 petition and remanding case). Therefore, removal is not available under § 1443; as the District of Massachusetts has already held, there is no federal subject matter jurisdiction and the case must be remanded.

      Whether brought under § 1441 or § 1443, removal venue is strictly limited to the federal district court (and, if applicable, the division of that court) where the state court case was pending. 28 U.S.C. §§ 1441, 1446. If the case is otherwise properly removable, the court could transfer venue to the proper district or remand the case back to state court. See Texas. Mut. Ins. Co. v. SITUS Trucking, LLC, Civil No. 22-cv-01563, 2023 WL 4634643, at *7 (D.P.R. July 20, 2023). However, where, as here, federal subject matter jurisdiction is also lacking, a venue transfer is not appropriate and the federal court in a district that is not the proper venue should remand the case back to the state court for further proceedings. Mr. Fiorillo ignored this Court's caution and persisted in prosecuting this case. See Text Order of Aug. 29, 2023. Because this Court also lacks subject matter jurisdiction, I recommend that the matter be summarily remanded based on the improper venue.

      The final defect is Mr. Fiorillo's non-compliance with the timeliness requirement in § 1446(b)(1). This mandatory statutory provision applies to removals under both § 1441 and § 1443 and requires that the removal notice must be filed within thirty days after receipt by the defendant of a copy of the pleading setting forth the claim for relief on which the removal is based; an untimely removal is subject to remand. Aroostook Cnty. Fed. Sav. & Loan v. Marrett,

No. 1:23-cv-00006-JAW, 2023 WL 2868144, at *3 (D. Me. Apr. 10, 2023) (failure to file removal within thirty-day period in § 1446(b)(1) means litigant has "lost the option of federal court") (internal quotation marks omitted); Wells Fargo Bank, N.A. as Tr. for Holders of First Franklin Loan Tr. v. Cabacoff, Civil No. 17-cv-39-JL, 2017 WL 4217329, at *1 (D.N.H. May 26, 2017) ("30-day time limit is construed strictly"; "[b]ecause the defendants' removal is untimely, the court GRANTS the plaintiff's motion to remand").  I find that Mr. Fiorillo's removal of this case was at least a month late.  For this additional and alternative reason, the Court should order that this case be summarily remanded.

A coda: in determining the timing of certification of the remand order, the Court must be mindful of the statutory provision making an order remanding a §1443 removal appealable. BP p.l.c. v. Mayor and City Council of Baltimore, 593 U.S. ___, 141 S. Ct. 1532, 1538, 1542-43 (2021) (pursuant to § 1447(d), remand of case removed pursuant to § 1443 is appealable).  Our Circuit has held that a "district court may wish to avoid immediately certifying the remand order . . . [to] give the removing party an opportunity to move for a stay, to seek reconsideration, and/or to appeal the order and request a stay from the court of appeals."  Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021).  With this case having already been remanded once with an unsuccessful appeal to the Court of Appeals, I do not recommend that the Court follow this procedure.  Based on all of the circumstances set forth above, I find that no delay is necessary and that the interests of justice require an immediate remand with no further delay or interference with the state court proceedings.

In light of the foregoing, there is no need for the Court to go further.  I recommend that the Court order that this case be remanded forthwith to the Massachusetts Superior Court (Barnstable) for further proceedings.

**III.     Show Cause Regarding Sanctions and Injunction**

As Mr. Delpidio has requested, 28 U.S.C. § 1447(c) permits plaintiffs to recoup costs and actual expenses, including attorney's fees, spent pursuing a successful motion to remand. Raymond C. Green, Inc. Tr., 2023 WL 4347330, at *2.  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Id. (internal quotation marks omitted).  Although the First Circuit has not defined what constitutes an "objectively reasonable basis" for removal, such sanctions have been found (in another case involving Mr. Fiorillo) to be justified when the court is addressing a second unsuccessful attempt to remove the same action, coupled with numerous instances on the same conduct in other cases.  Id.

In addition to statutory sanctions, the district court has the inherent power to issue sanctions; that power, however, should be "exercised with restraint and circumspection." Pimentel-Soto, 957 F.3d 82, 87 (1st Cir. 2020) (internal quotation marks omitted).  A court has the "inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton, or oppressive behavior."  Tobias v. Smith, Civil Action No. 22-10609-FDS, 2023 WL 168659, at *4 (D. Mass. Jan 12, 2023).  Courts can sanction *pro se* litigants.  Siri v. Town of Hingham, ___ F. Supp. 3d ___,Civil Action No. 21-40138-TSH, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (*pro se* plaintiffs are subject to sanctions, court must consider party's sophistication and experience, or lack thereof, when determining nature and severity of sanctions); Yates v. U.S. Pat. & Trademark Off., No. 5:19CV2350, 2020 WL 709282, at *2 (N.D. Ohio Feb. 12, 2020) (*pro se* plaintiffs have no right to abuse the judicial process by repeatedly filing meritless cases); Bradley v. Wallrad, No. 1:06CV246, 2006 WL 1133220, at *1 & n.2 (S.D.

10

Ohio Apr. 27, 2006) (*pro se* has "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets") (internal quotation marks omitted).  Sanctions based on the court's inherent power may be based on the time the judge and court staff are required to invest.  Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 335-36 (D. Mass. 2018) (a judge's time "is the most expensive resource in the courthouse" and the "judicial system of dispute resolution is not cost free and those who abuse it through misconduct impose direct costs on the law abiding taxpayers who support it") (internal quotation marks omitted), appeal dismissed, Nos. 2018-1866, 2018-2280, 2018 WL 5270466 (Fed Cir. Oct, 22, 2018); see Fiorillo v. Spitalny, Civil Action No. 22-CV-12135-AK, 2023 WL 131409, at *3 (D. Mass. Jan. 9, 2023) (court's use of resources to address Fiorillo's meritless notices of removal do not promote interests of justice).  The court has the authority to impose sanctions *sua sponte*, provided that the litigant must be afforded notice and an opportunity to be heard before monetary sanctions are imposed.  United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013).  The Supreme Court has specifically counseled that the remedy for a frivolous assertion that § 1443 applies is sanctions.  BP p.l.c., 141 S. Ct. at 1542-43.

In seeking to remove this case and others to the District of Rhode Island, Mr. Fiorillo has engaged in the following conduct.  First, in this case, he has defied the order of a federal judge, which was reviewed and affirmed by the First Circuit Court of Appeals.  Mr. Fiorillo's persistence in pressing this matter is also in defiance of this Court's caution that venue in this District does not lie for removal of a state court case pending in the Commonwealth of Massachusetts.  Further, Mr. Fiorillo has burdened this Court with at least five other purported removals, all of which appear to be without subject matter jurisdiction, at least four of which appear to be in defiance of remand orders issued in the District of Massachusetts.  Further, more

11

than eleven times, Mr. Fiorillo has purported to file matters that have required review by the Clerk's office and (as to some) have been reviewed by a judicial officer and returned to him for failure to comply with 28 U.S.C. § 1446(a), all imposing additional burden on this Court. Finally, some or all of Mr. Fiorillo's filings in this Court may be in defiance of the injunction entered in Raymond C. Green, Inc. Tr., 2023 WL 4347330, at *3. Also pertinent is that, in this case and others, Mr. Fiorillo has repeatedly been cautioned about this abusive and vexatious conduct. E.g., Delpidio as Tr., 2023 WL 4373912, at *1. ("proceeding *pro se* does not exempt [Mr. Fiorillo] from sanctions for frivolous or abusive conduct."); Fiorillo, 2023 WL 131409, at *3 ("Fiorillo is warned that he could be enjoined from filing further actions in this Court absent permission from a judge of this Court, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court").

      Mindful of Mr. Fiorillo's right to review and respond to Mr. Delpidio's affidavit(s) regarding his reasonable costs, fees and expenses, as well as Mr. Fiorillo's right to notice and an opportunity to be heard before imposing § 1447(c) sanctions, inherent-power sanctions or enjoining further frivolous filings, the Court hereby orders that Mr. Fiorillo must show cause in writing why the conduct in removing this case to this Court and the other conduct described above should not be sanctioned pursuant to § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing the conduct described above in this and other cases. Further, because it is focused on Mr. Fiorillo's conduct and its impact on Mr. Delpidio and this Court, this show cause will proceed separately from the remand of this case and is the subject of a separate text order that is issuing today. Therefore, even after this case is summarily remanded, as I am recommending, the show cause proceedings shall continue.

**IV.    Conclusion**

Based on the foregoing, I recommend that Mr. Delpidio's emergency motion to remand (ECF No. 5) be summarily granted and that this case be remanded forthwith to the Massachusetts Superior Court (Barnstable) for further proceedings. Pursuant to 28 U.S.C. § 1447(c), I further recommend that the Clerk be directed immediately to send a certified copy of the Order of remand to the clerk of that court. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

In addition to the foregoing, as memorialized in the text order and hearing notice that are issuing today in this case, I order that Mr. Delpidio shall file an affidavit respecting his expenses and costs pursuant to 28 U.S.C. § 1447(c) on or before October 20, 2023, which shall conform to the requirements of DRI LR Cv 54.1. Mr. Fiorillo is ordered to respond and to show cause in a writing that must be filed on or before November 3, 2023, why his conduct in removing this case to this Court and as further described in this decision should not be sanctioned pursuant to 28 U.S.C. § 1447(c) and the Court's inherent power and why he should not be enjoined from continuing such conduct. On November 13, 2023, at 10 a.m., the Court will conduct a hearing to consider these issues at which Mr. Fiorillo is ordered to appear.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 12, 2023