UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LOUIS DELPIDIO, et al., :
    Plaintiffs, :
     :
v. : C.A. No. 23-349WES
     :
NICHOLAS FIORILLO, et al. :
    Defendants. :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 18, 2023, Defendant Nicholas Fiorillo filed a notice of appeal from an interlocutory order denying his motion to consolidate. ECF No. 9. Now pending and referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A) is the emergency motion to strike this notice of appeal filed by Plaintiffs Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust ("Mr. Delpidio"). ECF No. 12. In support of the motion to strike, Mr. Delpidio argues that the appeal is frivolous and was filed to delay the underlying state court proceeding, as well as that Mr. Fiorillo's representations (made under oath) regarding service of the appeal notice are false. ECF No. 12.

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). The Court's ability to continue to exercise jurisdiction over aspects of the case not involved in the appeal is particularly apt when, as here, the appeal appears to be clearly frivolous in that Mr. Fiorillo seeks interlocutory review of a non-appealable order. Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 97-98 (1st Cir. 2003); see Star Ins.

Co. v. Risk Mktg. Group Inc., 561 F.3d 656, 660 (7th Cir. 2009) (discretionary denial of motion to consolidate is interlocutory order unappealable until final judgment).  Thus, Mr. Fiorillo's appeal divests the Court of jurisdiction over the aspect of the case involved in the appeal – consolidation – but not over the pending issue of remand to state court.  Colón-Torres v. Negrón-Fernández, 997 F.3d 63, 74 (1st Cir. 2021); see United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015) (district court may enter orders that concern matters unrelated to substance of order being appealed).  Nevertheless, even where the "district court retains jurisdiction over issues that are ancillary to those under consideration in the appellate court . . . the district court cannot dismiss or strike a notice of appeal."  United States v. Real Prop. Located at 886 N. Hamilton St. Clair Cnty., Marissa, Ill., 34 F. App'x 235, 237 (7th Cir. 2002).  Therefore, Mr. Delpidio's motion (ECF No. 12) is denied without prejudice to it being filed in the First Circuit Court of Appeals.[1]  Further, to the extent that Mr. Delpidio seeks damages and costs caused by Mr. Fiorillo's appeal, his remedy is Fed. R. App. P. 38, which provides for an award of damages and costs by the Court of Appeals based on its determination that an appeal is frivolous.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 20, 2023

---

[1] In this memorandum and order, the Court has not addressed Mr. Delpidio's allegation (ECF No. 12 at 1 n.1) that Mr. Fiorillo's certification under the penalty of perjury that he procured consent from Mr. Delpidio's attorney to serve the notice of appeal by email is "vociferously" false.  This allegation of misconduct may be raised during the Court's sanction hearing in this case that will be held on November 13, 2023.