UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LOUIS DELPIDIO, et al., : | |
|     Plaintiffs, : | |
| : | |
| v. : | C.A. No. 23-349WES |
| : | |
| NICHOLAS FIORILLO, et al. : | |
|     Defendants. : | |

**ORDER GRANTING MOTION FOR 28 U.S.C. § 1447 ATTORNEY FEES**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending before the Court is the motion of Plaintiff Louis Delpidio for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  ECF Nos. 5, 11, 15.

    This Court has now remanded this removed case based on the lack of subject matter jurisdiction, improper venue and untimeliness and provisionally found the improper removal to have been intentional, vexatious, objectively unreasonable and potentially sanctionable, particularly where the same case had already been removed to the District of Massachusetts and remanded for lack of subject matter jurisdiction.  Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *2-5 (D.R.I. Oct. 12, 2023), adopted by Text Order (D.R.I. Oct. 31, 2023). Regarding the request of Plaintiff Delpidio for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), ECF Nos. 5, 11, Defendant Nicholas Fiorillo was ordered to show cause in writing filed on or before November 3, 2023, why such fees and costs should not be awarded.[1]  Text Order of Oct. 12, 2023.  Despite making prolific filings in this and in his other cases prior to and since the show cause deadline, Defendant Fiorillo filed nothing addressing the fee issue by the show cause

---

[1] Despite the interlocutory appeal regarding consolidation pending in this case, ECF No. 9, this Court retains jurisdiction over the unrelated issues relating to sanctions and the 28 U.S.C. § 1447(c) motion for fees and costs. Colón-Torres v. Negrón-Fernández, 997 F.3d 63, 74 (1st Cir. 2021); see United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015) (district court may enter orders that concern matters unrelated to substance of order being appealed).

deadline.² Further, after Plaintiff Delpidio supplemented his fee request with leave of court with more recent time entries and a claim for costs, ECF No. 15, Defendant Fiorillo remained silent, filing nothing to rebut either the appropriateness of a fee award in this case or the reasonableness of the total fees and costs requested (despite filing an out-of-time Omnibus Response to Show Cause in another case, Northern Bank & Tr. Co. v. Fiorillo, 23-cv-368, ECF Nos. 12-13). Nor does this Omnibus Response present any reasons why the Court should not award Plaintiff Delpidio's fees and costs as requested. Defendant Fiorillo was also ordered to appear at an in-person hearing held on November 13, 2023, to address the Court regarding why such fees should not be awarded. Delpidio, 2023 WL 6632965, at *7. Defendant Fiorillo failed to appear. Instead, an hour before the hearing was scheduled to begin and continuing until five minutes after the scheduled start time, Defendant Fiorillo filed a series of motions in this case and others seeking to delay or continue the hearing.³ All such relief was denied.

Considering the totality of circumstances presented in this case and the other cases recently removed by Defendant Fiorillo (all of which are now remanded), including but not limited to, the originally provisional but now unrebutted and adopted-over-objection findings in Delpidio, 2023 WL 6632965, at *2-6, the affidavits submitted by Plaintiff Delpidio's counsel in support of the fee motion and based on my review of the relevant time entries and hourly rate,⁴

---

² Defendant Fiorillo did file an objection to my report and recommendation of remand. ECF No. 14. However, this filing does not present any objective reason based in fact or law to support the removal of this Massachusetts state court case to this Court; further, this filing was considered and rejected by the District Court for that reason. See Text Order of Oct. 31, 2023.

³ Fifty-three minutes before the show cause hearing was set to begin, an attorney docketed an entry of appearance on behalf of Defendant Fiorillo in this case. ECF No. 16. The attorney's motion to switch the hearing to zoom (ECF No. 17) was docketed with less than forty-five minutes remaining, a change that would have been impossible to accomplish in that amount of time without unduly prejudicing all of the other parties. The attorney's motion to continue was docketed less than thirty minutes before the hearing. ECF No. 18. Mindful that the hearing had been duly noticed a month before in multiple cases (impacting many parties), the Court denied both motions.

⁴ Pursuant to DRI LR Cv 54.1(b)(2), I find that a second affidavit regarding the reasonableness of the hourly rate is not necessary in the circumstances of this case.

as well as the absence of any opposition to the finding that the removal was not objectively reasonable or to the amount of the fee award sought, I find that a fee award is appropriate because Defendant Fiorillo's removal of this case was vexatious and abusive and he lacked any objectively reasonable basis for seeking removal of this case to this Court. See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal"); Baffoni v. Lisi, C.A. No. 22-292-JJM, 2023 WL 2598686, at *3 (D.R.I. Mar. 22, 2023) (based on remand for lack of subject matter jurisdiction of second removed case asserting similar claims to those asserted in prior case removed by same *pro se* litigant and remanded for lack of subject matter jurisdiction, court finds that removing party lacked objectively reasonable basis for seeking second removal). Based on the same considerations, I further find that Plaintiff Delpidio's total fee request is reasonable and appropriate pursuant to 28 U.S.C. § 1447(c), except that I decline to award the requested costs because they were incurred before the removal and I have deleted the time spent on the unsuccessful motion filed on October 19, 2023, to strike an appeal. See ECF Nos. 12, 15 at 8. With these adjustments, I find that a fee award of $4,849.50 is appropriate based on the fees reasonably incurred as a result of the removal.

Based on the foregoing, to the extent that it seeks an award of attorney fees, Plaintiff Delpidio's motions (ECF Nos. 5, 11 and 15) are GRANTED and Plaintiff Delpidio is hereby awarded $4,849.50 pursuant to 28 U.S.C. § 1447(c). To the extent that ECF No. 15 addresses Plaintiff Delpidio's request for injunctive relief, injunctive relief will be separately addressed in a report and recommendation that will issue hereafter.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 21, 2023