UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LOUIS DELPIDIO, et al., <br>     Plaintiffs, <br><br> v. <br><br> NICHOLAS FIORILLO, et al. <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 23-349WES |
| BSI 254 WESTFIELD, LLC, et al., <br>     Plaintiffs, <br><br> v. <br><br> NICHOLAS FIORILLO, <br>     Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 23-363WES |
| GF FUNDING SWANSEA, LLC, et al., <br>     Plaintiffs, <br><br> v. <br><br> OCEAN INVESTMENT HOLDINGS, LLC, et al., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 23-364WES |
| RAYMOND C. GREEN, INC., as TRUSTEE OF THE RAYMOND C. GREEN TRUST, <br>     Plaintiff, <br><br> v. <br><br> LOUIS DELPIDIO, et al., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 23-365WES |
| SAMUEL B. SPITALNY, et al. <br>     Plaintiffs, <br><br> v. <br><br> NICHOLAS FIORILLO, et al., <br>     Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | C.A. No. 23-366WES |

|  |  |  |
|---|---|---|
| NORTHERN BANK & TRUST CO., : | | |
|     Plaintiff, : | | |
| : | | |
| v. : | C.A. No. 23-368WES | |
| : | | |
| BRIAN D. SHEEHAN and : | | |
| NICHOLAS FIORILLO, : | | |
|     Defendants. : | | |
| TODD STAMOULIS, : | | |
|     Plaintiff, : | | |
| : | | |
| v. : | C.A. No. 23-419WES | |
| : | | |
| OCEAN REALTY PARTNERS, LLC, et al., : | | |
|     Defendants. : | | |
| GOTSPACE DEVELOPMENT LLC, : | | |
|     Plaintiff, : | | |
| : | | |
| v. : | C.A. No. 23-420WES | |
| : | | |
| SFBC, LLC, et al., : | | |
|     Defendants. : | | |
| GOTSPACE SPRINGFIELD EQUITY : | | |
| FUND 1, LLC, : | | |
|     Plaintiff, : | | |
| : | | |
| v. : | C.A. No. 23-422WES | |
| : | | |
| ROBERT KUSHNER, et al., : | | |
|     Defendants. : | | |

## REPORT AND RECOMMENDATION THAT THE COURT IMPOSE PREFILING INJUNCTIONS TO STOP VEXATIOUS AND ABUSIVE REMOVALS

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending are four motions, each asking the Court to issue a prefiling injunction barring Nicholas Fiorillo from continuing his intentionally abusive pattern of removing state

court cases to various federal courts with no objective basis for doing so and for the purpose of delay and harassment with the effect of inflicting prejudice, sowing chaos, and materially interfering with ongoing state proceedings.[1] These motions have been referred to me for report and recommendation; because of the seriousness of the injunctive relief sought, I ordered Mr. Fiorillo to respond to these motions and to appear at a hearing noticed for November 13, 2023, to address them.[2] Also pending are my *sua sponte* findings in the same cases, as well as in five other cases removed to this Court by Mr. Fiorillo, that such injunctive relief and *sua sponte* sanctions[3] may be appropriate not only for the reasons stated in the motions, but also because of the adverse impact of Mr. Fiorillo's flood of groundless filings on this Court and the efficient administration of justice.[4] Based on these findings, Mr. Fiorillo was warned in each of these

---

[1] Delpidio v. Fiorillo, 23-cv-349, ECF No. 5; Spitalny v. Fiorillo, 23-cv-366, ECF Nos. 7, 10; Northern Bank & Trust Co. v. Sheehan, 23-cv-368, ECF No. 10. The fourth motion was made orally in BSI 254 Westfield, LLC v. Fiorillo, 23-cv-363, during the November 13, 2023, hearing. This oral motion adds nothing new to the factual and legal array before the Court. Because Mr. Fiorillo did not have an opportunity to respond to it, I have not considered it. Rather, in BSI 254 Westfield, LLC, the injunction recommended in this report and recommendation is based on my *sua sponte* findings in BSI 254 Westfield, LLC v. Fiorillo, C.A. No. 23-363WES, 2023 WL 6532639, at *6-7 (D.R.I. Oct. 6, 2023), adopted by text order, (D.R.I. Oct. 24, 2023), appeal docketed, No. 23-2016 (1st Cir. Dec. __, 2023), that a prefiling injunction may be appropriate and ordering Mr. Fiorillo to show cause why one should not issue. I recommend that the oral motion be denied as moot.

[2] Spitalny v. Fiorillo, C.A. No. 23-366WES, 2023 WL 6842275, at *5-7 (D.R.I. Oct. 16, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2019 (1st Cir. Dec. __, 2023); Northern Bank & Trust Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 68464722, at *6 (D.R.I. Oct. 13, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2023 (1st Cir. Dec. __, 2023); Delpidio v. Fiorillo, C.A. No. 23-349WES, 2023 WL 6632965, at *6-7 (D.R.I. Oct. 12, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2015 (1st Cir. Dec. __, 2023).

[3] Because many of the same facts are pertinent to *sua sponte* sanctions and a prefiling injunction, whether issued *sua sponte* or in response to the injured parties' motions, I have seamlessly addressed them in this report and recommendation. However, because *sua sponte* sanctions are before me for determination, the order imposing sanctions is not in this report and recommendation but rather is in a text order that is issuing separately. See n.16 *infra*.

[4] GF Funding Swansea, LLC v. Ocean Inv. Holdings, LLC, C.A. No. 23-364WES, 2023 WL 6846451, at *5-6 (D.R.I. Oct. 17, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2017 (1st Cir. Dec. __, 2023); Spitalny, 2023 WL 6842275, at *5-7; Stamoulis v. Ocean Realty Partners, LLC, C.A. No. 23-419WES, 2023 WL 6842277, at *4-5 (D.R.I. Oct. 16, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2024 (1st Cir. Dec. __, 2023); Gotspace Dev. LLC v. SFBC, LLC, & Gotspace Springfield Equity Fund 1, LLC v. Kushner, C.A. Nos. 23-420WES & 23-422WES, 2023 WL 6805093, at *3-4 (D.R.I. Oct. 16, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeals docketed, Nos. 23-2020, 23-2022 (1st Cir. Dec. __, 2023); Northern Bank & Tr. Co., 2023 WL 6846472, at *5-6; Raymond C. Green, Inc. as Tr. of Raymond C. Green Tr. v. Delpidio, C.A. No.

cases that he might be sanctioned and enjoined, was ordered to show cause[5] in writing why *sua sponte* sanctions and a *sua sponte* prefiling injunction would not be appropriate and to appear at the show cause hearing to be held on November 13, 2023.[6]

---

23-365WES, 2023 WL 6842271, at *5-6 (D.R.I. Oct. 12, 2023), adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2018 (1st Cir. Dec. __, 2023); Delpidio, 2023 WL 6632965, at *6-7; BSI 254 Westfield, LLC, 2023 WL 6532639, at *6-7. Mr. Fiorillo's litigation conduct in the cases scheduled for show cause also includes the filing of spurious motions to consolidate, baseless motions to reassign, a partially frivolous and groundless motion to disqualify counsel, and a duplicative motion to disqualify or recuse me, substantially identical to one already denied in Ocean Dev. Partners, LLC, MA v. NE Edge, LLC, C.A. No. 23-121WES, 2023 WL 7159178, at *1 (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2014 (1st Cir. Nov. 30, 2023), as well as a flood of meritless motions docketed beginning an hour before the November 13, 2023, hearing was scheduled to begin, to stay or delay it. See e.g., Delpidio, 23-cv-349, Oct. 10, 2023 Text Order (denying motion to reassign); Northern Bank & Tr. Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 6810074, at *1 (D.R.I. Oct. 16, 2023) (denying motion to consolidate); Northern Bank & Tr. Co., 23-cv-368 ECF, No. 16 (denying motion to recuse judicial officer); Nov. 13, 2023 Text Order (denying motion to continue show cause hearing); Northern Bank & Tr. Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 8091811, at *2 (D.R.I. Nov. 21, 2023) (denying motion to disqualify counsel, including in part as frivolous). Also pertinent is that, in four of these cases, the Court has separately granted motions for 28 U.S.C. § 1447(c) attorney's fees and costs because the removals lacked an objectively reasonable basis and were intentionally vexatious and abusive. Spitalny v. Fiorillo, C.A. No. 23-366WES, 2023 WL 8112616, at *1 (D.R.I. Nov. 22, 2023); Raymond C. Green, Inc., 23-cv-365, ECF No. 11 (D.R.I. Nov. 22, 2023); Northern Bank & Trust Co. v. Sheehan, C.A. No. 23-368WES, 2023 WL 8093697, at *1 (D.R.I. Nov. 21, 2023); Delpidio, 23-cv-349, ECF No. 19 (D.R.I. Nov. 21, 2023). Mr. Fiorillo has also improperly removed cases in the District of Connecticut. See, e.g., BSI 254 Westfield, LLC, 2023 WL 6532639, at *2 n.5 (referencing remand orders that were issued by District of Connecticut).

[5] Not considered in this report and recommendation because Mr. Fiorillo's conduct in prosecuting them in the District of Rhode Island was not included in the Court's show cause order are three other cases filed or removed by Mr. Fiorillo. One of these was dismissed because Mr. Fiorillo ignored the Court's order that he must pay the filing fee. Fiorillo v. Sheehan, 23-398WES, Text Order of Oct. 24, 2023. A second case, which named more than eighty defendants, none of whom were served during the nearly eight months that the case was pending, and which replicated a case Mr. Fiorillo had voluntarily dismissed in the District of Massachusetts, has now been dismissed with prejudice. Ocean Dev. Partners, LLC, MA v. NE Edge, LLC, 23-121WES, Text Order of Nov. 15, 2023. The third was removed and remanded but was not included in the show cause order – although federal subject matter jurisdiction was lacking and venue was improper – the Court exercised lenience because the removal was timely and it was the first time (in this Court) Mr. Fiorillo has improperly attempted to remove a case he had filed as plaintiff. Ocean Vacations Realty Trust v. Soros, 23-417WES, ECF No. 4 at 1 n.2, adopted by text order, (D.R.I. Oct. 31, 2023), appeal docketed, No. 23-2021 (1st Cir. Dec __, 2023).

[6] The show cause orders and hearing notices providing Mr. Fiorillo with notice and an opportunity to be heard on injunctive relief and *sua sponte* sanctions began to issue on October 6, 2023, more than a month before the date for the November 13, 2023, hearing: 23-cv-364 (Text Order and Hearing Notice of Oct. 17, 2023); 23-cv-366 (Text Order and Hearing Notice of Oct. 16, 2023); 23-cv-420 (Text Order and Hearing Notice of Oct. 16, 2023); 23-cv-422 (Text Order and Hearing Notice of Oct. 16, 2023); 23-cv-368 (Text Order and Hearing Notice of Oct. 13, 2023); 23-cv-419 (Text Order and Hearing Notice of Oct. 13, 2023); 23-cv-349 (Text Order and Hearing Notice of Oct. 12, 2023); 23-cv-365 (Text Order and Hearing Notice of Oct. 12, 2023); 23-cv-363 (Text Order and Hearing Notice of Oct. 6, 2023).

Mr. Fiorillo defied these orders in that he failed to appear[7] and filed nothing in response prior to the Court's deadline.[8]  Instead, less than an hour before the show cause hearing was set to begin, he filed in one of the cases on for hearing (Northern Bank & Trust Co. v. Sheehan, 23-cv-368) an "Emergency Limited Omnibus Response to the Court's Order to Show Cause."  Id. at ECF Nos. 12, 13.  In this response, he only argues (correctly) that a prefiling injunction should be "condign and fit the offense."  Id. at ECF Nos. 13 at 4; 14 at 4.  Otherwise, he contends that the November 13, 2023, hearing should have been delayed because he did not get notice and in light of the entry of an appearance of an attorney to represent him in one of the cases,[9] and that I should be recused as requested in a separate motion filed in Northern Bank & Trust Co., 23-368.  Mr. Fiorillo's show cause response contains nothing that seeks to explain or justify his outrageous and intentionally defiant litigation conduct.

---

[7] As of this writing, the Court has taken no action with respect to Mr. Fiorillo's defiance of the order to appear on November 13, 2023.  I note that his filings seek to justify that failure to comply with an order of the Court with his allegation that he "remains in imminent danger from the NE Edge Defendants in these proceedings, stemming from multiple credible threats against his life, by Defendants in this action and continues to remain in safe house locations, when not at undisclosed locations for business."  Northern Bank & Trust Co., 23-368, ECF No. 14 at 1.

[8] Mr. Fiorillo's failure timely to respond to any of the show cause orders was not caused by any impairment in his ability to access the Court – he made numerous other filings in his cases during the period between the issuance of the first show cause order and the show cause deadline, including the improper removal of three more cases.

[9] In Delpidio v. Fiorillo, 23-349, fifty-three minutes before the November 13, 2023, show cause hearing was set to begin, an attorney docketed an entry of appearance (ECF No. 16) on behalf of Mr. Fiorillo.  The attorney's motion to switch the hearing to a video hearing (ECF No. 17) was docketed with less than forty-five minutes remaining before the hearing; because of the technological infrastructure in my courtroom, such a change to the hearing as noticed would have been impossible.  The attorney's motion to continue (ECF No. 18) was docketed less than thirty minutes before the hearing.  Meanwhile, Court had fully prepared for the hearing and the attorneys for parties in two of the nine cases had appeared for the in-person hearing.  Both argued that any delay in the issuance of an injunction would exacerbate the prejudice caused by Mr. Fiorillo's conduct.  Mindful of these circumstances, including that the hearing had been duly noticed a month or more before in multiple cases (impacting many parties), I found that this late entry was consistent with Mr. Fiorillo's pattern (in both federal and state courts in Massachusetts) of intentionally delaying and interfering with ongoing judicial proceedings and denied both motions.  Delpidio, 23-cv-349, Text Orders of Nov. 13, 2023, and ECF No. 19 at 2 n.3 (D.R.I. Nov. 21, 2023).

For the reasons that follow, I recommend that the Court issue in each of these cases the prefiling injunction set out below, which is "narrowly tailored" to "fit the specific vice encountered." Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984) (per curiam).

I. **Background Findings**[10]

As far as this Court is aware,[11] Mr. Fiorillo appears to have been involved for some time in various commercial real estate transactions and ventures in Massachusetts. In re Fiorillo, 494 B.R. 119, 129 (Bankr. D. Mass. 2013) ("Mr. Fiorillo [is] a commercial real estate developer"); e.g., Fiorillo v. Winiker, 85 F. Supp. 3d 565, 569 (D. Mass. 2015) (Mr. Fiorillo alleges an "elaborate scheme by which multiple individuals conspired to deprive [him] of his investments and contractual rights in various real estate properties beginning in 2011"); Fiorillo v. Webster First Fed. Credit Union, Civil Action No. 4:14-CV-40080-TSH, 2015 WL 12966280, at *1 (D. Mass. Dec. 1, 2015) (describing Mr. Fiorillo's participation in complex and substantial Massachusetts real estate transactions). These Massachusetts real estate dealings resulted in Mr. Fiorillo's involvement – either in his individual capacity or as an owner, member or manager of an array of limited liability companies – in bankruptcy court proceedings in Massachusetts and in state court litigation in various Massachusetts state courts. Apparently in 2021, Mr. Fiorillo began improperly to remove various of these state court cases, some multiple times, to the

---

[10] To recite the full scope of Mr. Fiorillo's vexatious, harassing and frivolous litigation conduct would exacerbate the substantial burden already inflicted on this Court. The facts in the text are illustrative. I incorporate by reference the judicial findings regarding Mr. Fiorillo's litigation conduct in the judicial decisions cited *supra* nn.4 and 9, including the decisions of the federal courts in the District of Massachusetts and the District of Connecticut that are cited in these decisions.

[11] This Court has very little information regarding the merits of what is in issue in the underlying state court cases, except that most seem related to commercial and/or vacation or luxury real estate, some of which are properties that are represented to be substantial. E.g., Delpidio, 2023 WL 6632965, at *1 (state court case relates to real estate trust for property in Nantucket and West Yarmouth, Massachusetts); Spitalny, 23-cv-366, ECF No. 1-2 at 29 (state court case relates in part to "extremely valuable propert[ies]" in Massachusetts).

United States District Court in Massachusetts; as summarized in one decision, the Massachusetts federal court has been burdened with thirteen improper removals, all of which resulted in remand orders.  Raymond C. Green, Inc. Tr. of Raymond C. Green Tr. v. Delpedio, Civil Action No. 23-10732-NMG, 2023 WL 4347330, at *1 & n.1 (D. Mass. July 5, 2023), aff'd, No. 23-1583 (1st Cir. July 18, 2023).  In many of these cases, the Massachusetts federal court found that Mr. Fiorillo's conduct was vexatious, abusive and frivolous.  E.g., Delpidio as Tr. of Lewis Bay Beach House Tr. v. Fiorillo, Civil No. CV 23-11473-LTS, 2023 WL 4373912, at *1 (D. Mass. July 6, 2023) (removal seemingly frivolous or abusive), aff'd, No. 23-1567 (1st Cir. July 18, 2023); Raymond C. Green, Inc., 2023 WL 4347330, at *2 (removal lacked objective basis, was vexatious or abusive).  In one case, the Massachusetts federal court found Mr. Fiorillo's conduct to be "possibly an abuse of process," "prejudicial to plaintiffs and an intrusion upon state court jurisdiction."  BSI 254 Westfield, LLC v. Fiorillo, 22-cv-12168-RGS, ECF No. 5 (D. Mass. Jan. 14, 2023) (second removal of same case), appeal dismissed, No. 23-1085 (1st Cir. Mar. 6, 2023) (appeal dismissed for lack of jurisdiction).  In at least two of these cases, the Massachusetts federal court issued sanction orders and prefiling injunctions based on the egregiousness of Mr. Fiorillo's conduct.  Raymond C Green, Inc., 2023 WL 4347330, at *1-3 (following notice, court finds no objectively reasonable basis for removal of same case for second time and that Mr. Fiorillo has engaged in vexatious or abusive litigation conduct by removing thirteen cases); Spitalny v. Fiorillo, 22-cv-11413-AK, ECF No. 55 at 6 (D. Mass. Sept. 20, 2023) (Mr. Fiorillo's second removal of same case improper and frivolous; he has employed the same tactic on at least twelve other occasions), appeal docketed, No. 23-1831 (1st Cir. Oct. 19, 2023).

Meanwhile, after the business day closed on August 24, 2023, Mr. Fiorillo began to flood the Clerk's Office of the District of Rhode Island with emails attempting to remove *pro se* many

of the same cases pending in various state courts in Massachusetts. Of the first eleven emails to the Rhode Island Clerk's Office, only one was found (following careful review and consultation with the duty judicial officer, who issued orders of return for all but one) to contain enough information to open it as a removed case. Aware of the other ten emails suggestive of Mr. Fiorillo's intent to remove six or more other cases pending in various state courts in Massachusetts, and mindful that payment of the filing fee in so many cases would be a substantial investment, this Court issued a formal caution to Mr. Fiorillo about proceeding with any such removals:

> Before paying the filing fee or submitting an application to proceed in forma pauperis, Petitioner is cautioned that, aside from any other defects in the purported removal, the statutes on which he relies all limit removal "to the district court of the United States for the district and division embracing the place wherein [the State court action] is pending." 28 U.S.C. §§ 1441, 1443.

BSI 254 Westfield, LLC, 2023 WL 6532639, at *3 (quoting Delpidio, 23-cv-349, Text Order of Aug. 29, 2023). Mr. Fiorillo ignored this caution. Ultimately, he removed ten cases to this Court.[12] Of these, five had already been removed and remanded by the federal court in Massachusetts, some as many as three times; two were the subject of prefiling injunctions and § 1447(c) sanctions.

As of this writing, the nine removals now in issue for purposes of injunctive relief and *sua sponte* sanctions have been found by the Court to be intentionally vexatious, frivolous and

---

[12] In August 2023, Mr. Fiorillo purported to remove a Massachusetts Bankruptcy Court adversarial proceeding to the District of Massachusetts. See Desmond v. Appleton, 23-ap-04025, ECF No. 21 (Bankr. D. Mass. August 11, 2023). The Bankruptcy Court struck the notice of removal because "removal of a pending adversary proceeding to the United States District Court is not provided for by statute or rule and the purported notice of removal has no effect." Id. at 1. Some six weeks later, Mr. Fiorillo seemingly attempted to remove this entire Massachusetts bankruptcy proceeding to this Court, but the removal notice was rejected by order of return because Mr. Fiorillo failed to include the underlying pleading, making it impossible to ascertain what he was really trying to remove. Mindful that the Bankruptcy Court's swift action prevented the improper removal, I find that it is not necessary to include proceedings pending in the District of Massachusetts Bankruptcy Court in a prefiling injunction despite the request by Northern Bank & Trust Co. for such relief at the hearing.

abusive; all ten were found to have been removed with no objective reasonable basis in law and fact.  In at least two instances, the state court docket reveals that the disruption caused by these removals was so serious and prejudicial to the underlying state court proceedings, which had already been interrupted by two (in one case) and three (in the other) groundless removals, that these state courts refused to relinquish jurisdiction.  Spitalny, 2023 WL 6842275, at *1 n.2; GF Funding Swansea, LLC, 2023 WL 6846451, at *1 & 1 n.2.  In another, the sequence of three improper removals clearly for the purpose first of delaying a duly noticed hearing for injunctive relief and then to evade actions by a state court-appointed receiver involving real estate in Yarmouth and Nantucket, Massachusetts, resulted in the state court finding that Mr. Fiorillo's purported removal was "a continued effort to delay this court's consideration of the issues in this case." See Delpidio, 23-349, ECF No. 5 at 2-7; Delpidio as Trustee of the Lewis Bay Beach House Trust v. Fiorillo, 2372CV00230, Order Relative To Scheduled Status Conference (Mass. Super. Ct. Oct. 3, 2023).  In at least two state court cases, careful review of the state court dockets reveals that Mr. Fiorillo failed to comply with the § 1446(d) removal procedure to the detriment of the state court litigants, who did not get timely notice of the purported removals.  E.g., Spitalny, 2023 WL 6842275, at *1 n.2.[13]  Thus, the state court dockets confirm that Mr. Fiorillo's conduct in interrupting and sowing chaos in the underling state court proceedings has seriously prejudiced the other litigants and adversely impacted the orderly management of Massachusetts real estate and other Massachusetts state law issues by Massachusetts state courts.

The adverse impact of Mr. Fiorillo's conduct on this Court has also been profound.  Apart from the adverse impact on the Clerk's Office, the work in my chambers on other matters

---

[13] This discovery regarding Spitalny was made after the issuance of Delpidio, 2023 WL 6632965, in which the Court noted at *1 n.2, that the emergency remand motion was arguably untimely.  Post-issuance review of the detail in the state court docket underlying Delpidio revealed that Mr. Fiorillo seemingly had failed to comply with § 1446(d) in that case too.

virtually ground to a halt as I supported the Clerk's Office initially in issuing multiple orders of return of materials that lacked enough information to open a case and then addressed each removal and motion to remand as they were docketed, ultimately resulting in the issuance in these cases of eight reports and recommendations and six memoranda and orders over a ten day period. See n.4 *supra*. Ironically, Mr. Fiorillo subsequently argued in support of his motion to disqualify me from sitting as a magistrate judge on any of his cases that the sheer number of decisions issued (required to respond in a timely way to his improper removals) in so short a period caused him to speculate that they must have been ghost-written by "NE Edge Racketeers," not by me. Ocean Dev. Partners, LLC, MA, 2023 WL 7159178, at *2. If the impact of Mr. Fiorillo's vexatious litigation conduct were translated into the time diverted from other work by the Clerk's Office and my chambers, guided by the valuation method described in Shire LLC v. Abhai, LLC, 298 F. Supp. 3d 303, 332-37 (D. Mass. 2018), appeal dismissed, Nos. 2018-1866 & 2018-2280, 2018 WL 5270466 (Fed. Cir. Oct. 22, 2018), I estimate that Mr. Fiorillo's misconduct has caused a loss to the public that amounts to at least $20,000.

It is important to note that, in at least one instance, one of the narrow prefiling injunctions issued by the District of Massachusetts was effective in deflecting the burden on that court, the prejudice to the parties and the interruption of the state court proceedings, in that it empowered the Massachusetts Clerk's Office to decline to accept the third attempt to remove the same case.[14]

---

[14] In terms of the burden on the parties, the state court proceedings and the federal district court, the difference between a frivolous removal stopped at the Clerk's Office due to a prefiling injunction and a frivolous removal that is permitted but promptly followed by an order of remand is material. By way of just one illustration, after Mr. Fiorillo's improper removals to this Court began to be revealed in the underlying state court proceedings, the Clerk's Office for the District of Rhode Island was flooded with calls from the Massachusetts attorneys for the parties in the various state court cases, asking whether each such party would have to expend even more resources to engage local counsel to oppose the blatantly improper removal of a case that had already been ordered remanded by the District of Massachusetts for lack of federal subject matter jurisdiction. See, e.g., Delpidio, 23-349, ECF No. 4 (reflecting confusion and harm inflicted on parties in case being removed to district in which attorneys of record are not admitted to practice); Spitalny, 23-366, ECF No. 11 at 3 (despite clearly improper removal, at least one adverse party believed he had "no choice" but to find and engage a local attorney to assist).

Raymond C. Green, Inc., 2023 WL 6842271, at *2.  However, Mr. Fiorillo was undaunted by this result.  Instead of standing down, he evaded the District of Massachusetts's narrowly tailored injunction by improperly removing the same case to this Court, which he already knew lacked venue (based on the formal caution in Delpidio) as an additional reason why such a removal would be improper.  Id. at 2-4.

Based on this conduct, I find that Mr. Fiorillo intentionally engaged in egregiously abusive and vexatious litigation conduct that he knew lacked any basis in fact or law for the purpose and with the effect of disrupting and delaying state court proceedings and interfering with state courts that were engaged in addressing issues arising in connection with Massachusetts real estate and other Massachusetts state law issues, to inflict prejudice on and to harass the other litigants and to impose an unwarranted burden on this Court.  I further find that Mr. Fiorillo's defiance of and disdainful disregard for judicial warnings, cautions and injunctions reveals that, unless enjoined, the conduct will continue, as well as that this Court must do more than was done by the District of Massachusetts or its work will be just as ineffective.[15]  That is, I find that the prefiling injunction needed is one that is not just clear but also broader than those issued in the District of Massachusetts.

## II. Applicable Law, Analysis and Recommended Injunction

For the law applicable to a *sua sponte* sanction paid to the Clerk's Office, I refer the reader to the now adopted reports and recommendations listed *supra* n.4, e.g., GF Funding Swansea, LLC, 2023 WL 6846451, at *5-6.  I am further mindful that such a monetary sanction

---

[15] The record in the District of Massachusetts suggests that orders granting attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) are a hollow remedy in these circumstances in that, so far, Mr. Fiorillo has also defied those orders, resulting in at least one remand order based on his failure to pay a § 1447(c) sanction.  Spitalny, 2023 WL 6842275, at *3.

11

must be designed so as to compensate the public for the waste of judicial resources caused by the misconduct, provided that the Court may use estimates in calculating and allocating costs. Shire LLC, 298 F. Supp. 3d at 332-37 (litigant sanctioned $30,000 for "recklessly squander[ing] five days during which this Court could better have devoted itself to . . . attending to litigants prepared to follow the straightforward rules of civil procedure"). Based on the findings above, I find that a sanction of $20,000, or even approaching $30,000, as Judge Young awarded in 2018 for five lost days in Shire LLC, would be appropriate in that even more time was wasted by Mr. Fiorillo. Nevertheless, mindful of Mr. Fiorillo's *pro se* status, I reduce that to a fine totaling $10,000 applicable to all of the cases pending before the Court, which, by separate text order, I order must be paid to the Clerk's Office within thirty days of the issuance of the text order imposing it.[16]

Regarding a prefiling injunction, the law provides that the Court has inherent authority to curb vexatious or abusive litigation conduct. Raymond C. Green, Inc., 2023 WL 4347330, at *2. As the First Circuit counsels, narrow enjoinment orders preventing removal of specific cases to federal court are preferred over broad orders of enjoinment absent a more developed factual record. Cok v. Fam. Ct. of Rhode Island, 985 F.2d 32, 36 (1st Cir. 1993) (per curiam) ("Had the court, after notice and opportunity to respond, merely enjoined [litigant] from further frivolous removals from the family court, we would have doubtless approved . . . . We have not hesitated to uphold injunctions that were narrowly drawn to counter the specific offending conduct. . . . If

---

[16] Because it does not dispose of any claim or defense in any of the pending cases, the issue of *sua sponte* sanctions is pending before me for determination. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 6 (1st Cir. 1999) (holding that motions for sanctions "ordinarily should be classified as nondispositive"); Rivera-Molina v. Casa La Roca, LLC, Civ. No. 21-1004 (SCC), 2022 WL 1302130, at *3 (D.P.R. Apr. 29, 2022) (monetary sanction that does not dispose of claim or defense may be determined by magistrate judge), appeal dismissed, No. 22-1443 (1st Cir. Sept. 26, 2023). Therefore, I have imposed the sanction in a text order that will enter in all of the nine cases immediately after the issuance of this report and recommendation. To be clear, this sanction is to be paid only once. Thus, one payment of $10,000 to the Clerk of the Court in any of the nine cases will satisfy Mr. Fiorillo's obligation in all of the nine cases.

the 'specific vice' sought to be curtailed is simply the appellant's propensity . . . to attempt improper removals to federal court of matters based on her state divorce proceeding, the district court may, after notice, wish to enter an order limiting such conduct."). The issuance of a prefiling injunction should be based at least in part on a request for protection by harassed individuals and entities. Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980); but see Cowhig v. West, 181 F.3d 79, 1999 WL 525932, at *1 (1st Cir. 1999) (per curiam) (unpublished table decision) ("Where a litigant has demonstrated a propensity to file repeated suits . . . involving the same or similar claims of a frivolous or vexatious nature, a bar on further filings is appropriate."); In re Martin-Trigona, 737 F.2d 1254, 1262 & n.4 (2d Cir. 1984) (federal courts need not await motions for prefiling injunctions from injured litigants in light of reality that harassing litigation tactics may cause private parties and their counsel to "decide that the course of wisdom is not to seek injunctive relief, which may only generate new harassing actions, but to hope the malicious litigant finds new quarry"). A prefiling injunction should be based not just on the volume of frivolous filings, but on the scofflaw's demonstrated propensity to continue the conduct against the same or similar litigants. Plante v. United States Dept. of Interior, C.A. No. 14-519 S, 2015 WL 631197, *1-2 (D.R.I. Feb. 12, 2015).

A federal court prefiling injunction should not restrict state court filings, inasmuch as "[a]buse of state judicial processes is not *per se* a threat to the jurisdiction of Article III courts." Tempelman v. Beasley, 43 F.3d 1456, 1994 WL 708145 at *5 (1st Cir. 1994) (per curiam) (unpublished table decision) (noting restraint on filing in state court "is problematic") (quoting In re Martin-Trigona, 73 F.2d at 1263). Nor should a federal district court order extend a prefiling injunction to filings in any federal appellate court. See Sieverding v. Colorado Bar Ass'n, 469 F.3d 1340, 1344 (10th Cir. 2006). And, while filing restrictions may include other federal district

13

courts within the same circuit, see id., it is not appropriate to extend prefiling restrictions to federal district courts outside of the circuit without justification and carefully crafted limitations. See In re Martin-Trigona, 737 F.2d at 1262 (approving nationwide injunction with significant limitations). The court's prefiling injunction should provide explicit guidelines explaining what the litigant must do to obtain permission to file. Tempelman, 1999 WL 708145, at *5.

Apart from his contention that a prefiling injunction must be "condign," with which proposition I agree, Mr. Fiorillo's principal argument[17] against a prefiling injunction is his unfounded contention that he did not get adequate notice that injunctive relief, as sought by the parties in three of the cases and in accordance with the Court's show cause orders, would be on for hearing at 10 a.m. on November 13, 2023. Given that he was sent nine show cause orders and nine hearing notices between October 6 and 17, 2023, I find that this contention is frivolous. See n.6 *supra*. Mr. Fiorillo also contends that the hearing should have been continued because he had just engaged an attorney in one of the nine cases. In light of the timing (including that the entry of counsel was buried in a blast of other motions seeking delay, all docketed beginning an hour before the hearing was to begin, after the Court was fully prepared and after attorneys for other parties traveled to the Courthouse to appear, see n.9 *supra*), as well as the utter lack of any representation or proffer regarding what such an attorney might present and the objections of the parties who did appear of prejudice should the injunctive relief motion be postponed for any reason, I reject this contention as spurious. See In re Martin-Trigona, 737 F.2d at 1260-61 (no abuse of discretion in refusing to delay prefiling injunction hearing for appointment of attorney where motion to appoint was filed just before hearing and no showing was made of prejudice arising from the lack of counsel).

---

[17] There is no need to repeat the reasons for my rejection of Mr. Fiorillo's unfounded motions to recuse. See n.4 *supra*.

14

Based on the foregoing, I hereby recommend that the Court issue the following injunction:

1. Nicholas Fiorillo is hereby enjoined from removing any case to any federal district court in the First Circuit,[18] whether *pro se* or through counsel, that is now pending or that was pending within the past five years in any state court in Massachusetts in which is joined or purported to be joined as a party at the time of the purported removal any of the following:

   > Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust;
   > BSI 254 Westfield, LLC;
   > BSI 254 Westfield Member, LLC;
   > GF Funding Swansea, LLC;
   > Swansea Holdings, LLC;
   > SMI Holdings LLC;
   > Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust;
   > Louis Delpidio;
   > One Seven One LLC;
   > Wonderland Properties, LLC;
   > Tremont Entertainment Enterprises, Inc.;
   > Samuel B. Spitalny;
   > Jacob L. Spitalny;
   > Stephen Quillinan;
   > S&Q Data, LLC;
   > Northern Bank & Trust Company;
   > Brian D. Sheehan;
   > Todd Stamoulis;

---

[18] This encompasses the district courts in the Districts of Maine, Massachusetts, New Hampshire, Puerto Rico and Rhode Island. I include the district courts throughout the First Circuit because of Mr. Fiorillo's pattern of evading the remand orders and prefiling injunctions entered in the District of Massachusetts by removing the same cases to Rhode Island, a venue with no contact with the proceedings. I do not include the district courts in the Second Circuit or beyond despite Northern Bank & Trust Co.'s request for a nationwide injunction and argument at the hearing that Mr. Fiorillo's past conduct (including two improper removals in Connecticut) permits the inference that his next flurry of removals of Massachusetts state court cases would likely be to a district court in the Second Circuit. While I consider this argument plausible in light of Mr. Fiorillo's vexatious behavior to date, mindful of the First Circuit's directive that narrow enjoinment is preferred, Cok, 985 F.2d at 36, my recommendation limits the injunction to district courts within the First Circuit. However, if Mr. Fiorillo takes the action that Northern Bank & Trust Co. suggests may be his next move, an expansion of the prefiling injunction would be appropriate.

> SFBC, LLC;
> Allen Rabinow;
> Justin Gelinas;
> Gelinas and Ward;
> Robert Kushner;
> U-Name-It Self Storage, LLC.[19]

2. Notwithstanding this injunction, Mr. Fiorillo may seek to remove any such action with leave of any judge of this Court or of the District of Massachusetts. To obtain leave, Mr. Fiorillo must file a written application captioned "Application Pursuant to Court Order Seeking Leave to Remove" and must either cite or affix to such application (a) a copy of this Order; (b) copies of any Orders issued by the District of Rhode Island applicable to the case to be removed imposing § 1447(c) or *sua sponte* sanctions; and (c) copies of any Orders issued by the District of Massachusetts applicable to the case to be removed imposing a prefiling injunction, § 1447(c) or *sua sponte* or other sanctions. The application must certify that the basis and/or validity for such removal has not already been addressed by any federal court; that there is an objectively reasonable basis for removal; that removal is procedurally appropriate (it is timely, venue is appropriate and the removal petition will be duly and timely filed in the state court case affording timely notice to the state court litigants); and that all sanctions, fines, and § 1447(c) fees and costs imposed by any federal court with respect to the case to be removed have been paid in full.[20]

---

[19] These are the other parties in the nine cases in issue, who have been prejudiced and/or adversely impacted by Mr. Fiorillo's vexatious litigation conduct. This list does not include the limited liability companies and entities named in the nine cases in issue in which Mr. Fiorillo is described as an owner, member or manager, such as Gotspace Development LLC. See Gotspace Dev. LLC, 2023 WL 6805093, at *1 (Mr. Fiorillo is "Manager of Membership Interest").

[20] This guidance for how to access the courts is deliberately intended to track the orders entered in the District of Massachusetts so that Mr. Fiorillo is not impeded by conflicting orders. See e.g., Raymond C. Green, Inc., 2023 WL 4347330, at *3.

    3.    Any removal attempt in breach of this Order that fails to comply with the process for obtaining leave may be rejected *ab initio* by the Clerk's Office of the court in which the removal attempt is made.

### III.    Conclusion

Based on the foregoing, I recommend that the Court grant in part and deny in part the pending motions for prefiling injunctions (Delpidio, 23-cv-349, ECF No. 5; Spitalny, 23-cv-366, ECF Nos. 7,10; Northern Bank & Trust Co., 23-cv-368, ECF No. 10). I recommend that they be granted to the extent that the relief sought is consistent with the Court's recommended injunction. To the extent that any of the motions request a restriction beyond what is reflected in the Court's recommended injunction, I recommend that the motion be denied. I also recommend that the Court find that a *sua sponte* injunction is necessary in all of these cases and issue the injunction recommended above. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 5, 2023