```
                   UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


_____
LOUIS DELPIDIO, as TRUSTEE OF THE  :
LEWIS BAY BEACH HOUSE TRUST, THE   :
116 BAXTER ROAD BEACH HOUSE TRUST, :
AND THE 63 TN BEACH HOUSE TRUST,   :
        Plaintiff,                 :
                                   :  C.A. No. 23-349WES
     v.                            :
                                   :
NICHOLAS FIORILLO, et al.          :
        Defendants.                :
_____:
BSI 254 WESTFIELD, LLC, et al.,    :
        Plaintiffs,                :
                                   :
     v.                            :  C.A. No. 23-363WES
                                   :
NICHOLAS FIORILLO,                 :
        Defendant.                 :
_____:
GF FUNDING SWANSEA, LLC, et al.,   :
        Plaintiffs,                :
                                   :
     v.                            :  C.A. No. 23-364WES
                                   :
OCEAN INVESTMENT HOLDINGS,         :
LLC, et al.,                       :
        Defendants.                :
_____:
RAYMOND C. GREEN, INC., as         :
TRUSTEE OF THE RAYMOND C.          :
GREEN TRUST,                       :
        Plaintiff,                 :
                                   :
     v.                            :  C.A. No. 23-365WES
                                   :
LOUIS DELPIDIO, et al.,            :
        Defendants.                :
_____:
```

```
SAMUEL B. SPITALNY, et al.         :
        Plaintiffs,                :
                                   :
     v.                            :   C.A. No. 23-366WES
                                   :
NICHOLAS FIORILLO, et al.,         :
        Defendants.                :
_____:
NORTHERN BANK & TRUST CO.,         :
        Plaintiff,                 :
                                   :
     v.                            :   C.A. No. 23-368WES
                                   :
BRIAN D. SHEEHAN and               :
NICHOLAS FIORILLO,                 :
        Defendants.                :
_____:
TODD STAMOULIS,                    :
        Plaintiff,                 :
                                   :
     v.                            :   C.A. No. 23-419WES
                                   :
OCEAN REALTY PARTNERS, LLC, et al.,:
        Defendants.                :
_____:
GOTSPACE DEVELOPMENT LLC,          :
        Plaintiff,                 :
                                   :
     v.                            :   C.A. No. 23-420WES
                                   :
SFBC, LLC, et al.,                 :
        Defendants.                :
_____:
GOTSPACE SPRINGFIELD EQUITY        :
FUND 1, LLC,                       :
        Plaintiff,                 :
                                   :
     v.                            :   C.A. No. 23-422WES
                                   :
ROBERT KUSHNER, et al.,            :
        Defendants.                :
_____:
```

**ORDER**

WILLIAM E. SMITH, District Judge.

2

Before the Court is Magistrate Judge Sullivan's "Report and Recommendation that the Court Impose Prefiling Injunctions to Stop Vexatious and Abusive Removals" ("R&R"), issued on December 5, 2023, in the above-captioned cases either sua sponte or in response to injunction requests filed in Northern Bank & Trust Co. v. Fiorillo et al., No. 1:23-cv-00368-WES-PAS (ECF No. 10), Spitalny et al. v. Fiorillo et al., No. 1:23-cv-00366-WES-PAS (ECF Nos. 7, 10), and Delpidio v. Fiorillo et al., No. 1:23-cv-00349-WES-PAS (ECF No. 5).

In Northern Bank & Trust Co., No. 1:23-cv-00368-WES-PAS, Nicholas Fiorillo filed "Omnibus Objections" (ECF No. 23) as well as a Motion to Stay (ECF No. 25), in conjunction with a Notice of Appeal (ECF No. 24). Despite Fiorillo's appeal, the Court retains jurisdiction to address the R&R because the R&R is not a judgment or an action subject to interlocutory appeal. See Rivera-Torres v. Ortiz Velez, 341 F.3d 86, 96 (1st Cir. 2003) (holding when a notice of appeal is "patently meritless," it "fail[s] to divest the district court of jurisdiction"); Athens v. Primmer Piper Eggleston & Cramer PC, No. 21-CV-1025-SM, 2021 WL 6113417, at *1 (D.N.H. Dec. 27, 2021), appeal dismissed, No. 22-1030, 2022 WL 2398891 (1st Cir. Mar. 7, 2022).

The Court adopts in full Magistrate Judge Sullivan's R&R over Fiorillo's objections. In the R&R, Judge Sullivan recommends the

3

following injunction:

    1.   Nicholas Fiorillo is hereby enjoined from removing any case to any federal district court in the First Circuit, whether pro se or through counsel, that is now pending or that was pending within the past five years in any state court in Massachusetts in which is joined or purported to be joined as a party at the time of the purported removal any of the following:

> Louis Delpidio, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust;
>
> BSI 254 Westfield, LLC;
>
> BSI 254 Westfield Member, LLC;
>
> GF Funding Swansea, LLC;
>
> Swansea Holdings, LLC;
>
> SMI Holdings LLC;
>
> Raymond C. Green, Inc., as Trustee of the Raymond C. Green Trust;
>
> Louis Delpidio;
>
> One Seven One LLC;
>
> Wonderland Properties, LLC;
>
> Tremont Entertainment Enterprises, Inc.;
>
> Samuel B. Spitalny;
>
> Jacob L. Spitalny;
>
> Stephen Quillinan;

4

    S&Q Data, LLC;

    Northern Bank & Trust Company;

    Brian D. Sheehan;

    Todd Stamoulis;

    SFBC, LLC;

    Allen Rabinow;

    Justin Gelinas;

    Gelinas and Ward;

    Robert Kushner;

    U-Name-It Self Storage, LLC.

2. Notwithstanding this injunction, Mr. Fiorillo may seek to remove any such action with leave of any judge of this Court or of the District of Massachusetts. To obtain leave, Mr. Fiorillo must file a written application captioned "Application Pursuant to Court Order Seeking Leave to Remove" and must either cite or affix to such application (a) a copy of this Order; (b) copies of any Orders issued by the District of Rhode Island applicable to the case to be removed imposing § 1447(c) or <u>sua sponte</u> sanctions; and (c) copies of any Orders issued by the District of Massachusetts applicable to the case to be removed imposing a prefiling injunction, § 1447(c) or <u>sua sponte</u> or other sanctions.

> The application must certify[1] that the basis and/or validity for such removal has not already been addressed by any federal court; that there is an objectively reasonable basis for removal; that removal is procedurally appropriate (it is timely, venue is appropriate and the removal petition will be duly and timely filed in the state court case affording timely notice to the state court litigants); and that all sanctions, fines, and § 1447(c) fees and costs imposed by any federal court with respect to the case to be removed have been paid in full.

3. Any removal attempt in breach of this Order that fails to comply with the process for obtaining leave may be rejected <u>ab initio</u> by the Clerk's Office of the court in which the removal attempt is made.

The Court has considered Fiorillo's objections and finds that none of them have merit. <u>See generally</u> Omnibus Objs., ECF No. 23. Given Fiorillo's abusive actions as thoroughly outlined in the R&R, the Court finds the recommended injunction is appropriately within its discretion and is "narrowly drawn to counter the specific offending conduct." <u>Cok v. Fam Ct. of R.I.</u>, 985 F.2d 32,

---

[1] To certify means to include a sworn affidavit under penalty of perjury.

36 (1st Cir. 1993) (per curiam).

Accordingly, the Court ADOPTS Judge Sullivan's Report and Recommendation and ORDERS the injunction as stated above shall issue.

Additionally, the Court ORDERS as follows:

- In <u>Northern Bank & Trust Co. v. Fiorillo et al.</u>, No. 1:23-cv-00368-WES-PAS, Plaintiff's request for injunction (ECF No. 10) is GRANTED IN PART to the extent it comports with this Order and is otherwise DENIED. With no further issues pending, Fiorillo's Motion to Stay (ECF No. 25) is DENIED as MOOT.

- In <u>Spitalny et al. v. Fiorillo et al.</u>, No. 1:23-cv-00366-WES-PAS, Plaintiff Stephen Quillinan's request for injunction (ECF Nos. 7, 10) is GRANTED IN PART to the extent it comports with this Order and is otherwise DENIED.

- In <u>Delpidio v. Fiorillo et al.</u>, No. 1:23-cv-00349-WES-PAS, Plaintiff's request for injunction (ECF No. 5) is GRANTED IN PART to the extent it comports with this Order and is otherwise DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date: December 27, 2023