# United States Court of Appeals
## For the First Circuit

_____

Nos.  23-2015
      23-1862

LOUIS DELPIDIO, as Trustee of the Lewis Bay Beach House Trust, the 116 Baxter Road Beach House Trust, and the 63 TN Beach House Trust,

Plaintiff - Appellee,

v.

NICHOLAS J. FIORILLO,

Defendant - Appellant,

OCEAN VACATIONS REALTY TRUST,

Defendant.

_____

Before

Kayatta, Gelpí and Montecalvo,
<u>Circuit Judges</u>.

_____

**JUDGMENT**

Entered: March 1, 2024

      In Appeal 23-2015, Appellant Nicholas J. Fiorillo appeals from a district court order remanding the underlying matter to the state court from which it had been removed. We assume, without deciding, that the § 1447(d) appeal bar does not bar this appeal. See <u>Restoration Pres. Masonry, Inc.</u> v. <u>Grove Eur. Ltd.</u>, 325 F.3d 54, 58-60 (1st Cir. 2003) (discussing bypass of § 1447(d) and other statutory jurisdictional issues). Even so, we conclude that summary affirmance of the district court's remand ruling is in order. See Local Rule 27.0(c) (court may summarily dispose of an appeal that does not raise a "substantial question").

      We apply de novo review to the district court's remand ruling. See <u>Moore</u> v. <u>Elec. Boat Corp.</u>, 25 F.4th 30, 34 (1st Cir. 2022). For the reasons set out by the district court, we conclude that remand indeed was in order. See generally 28 U.S.C. § 1441-1447 (removal criteria and procedures); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district

court lacks subject matter jurisdiction, the case shall be remanded."); 28 U.S.C. §§ 1331 (federal question jurisdiction) & 1332 (diversity jurisdiction); see also Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (rejecting attempted invocation of § 1443 because "The Supreme Court has construed this statutory language as being limited to 'any law providing for specific civil rights stated in terms of racial equality.' Georgia v. Rachel, 384 U.S. 780, 792, 86 S. Ct. 1783, 1790, 16 L.Ed.2d 925 (1966)."). In accordance with the foregoing, the district court's remand ruling is **AFFIRMED**.

In Appeal 23-1862, Fiorillo seeks review of a district court order denying his motion to consolidate the underlying matter with another matter then pending in federal court. The court entered an order to show cause flagging finality concerns, and, with his filings up to this point, Fiorillo has not effectively addressed the matter of finality. See generally 28 U.S.C. § 1291, 1292; Ramirez v. Rivera-Dueno, 861 F.2d 328, 333 (1st. Cir. 1988) ("[A] district court's decision is appealable under [§ 1291] only when the decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotations omitted). We accordingly **DISMISS** the appeal. See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction."). In any event, if an appeal from the consolidation ruling were entertainable, summary affirmance would be in order because the district court's denial of consolidation did not reflect an error or abuse of discretion. See Local Rule 27.0(c) (summary disposition); Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc., 878 F.2d 5, 8 (1st Cir. 1989) ("[T]he trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate.").

In sum, as to Appeal 23-2015, we **AFFIRM**, and we **DISMISS** Appeal 23-1862. Any remaining pending motions or requests, to the extent not mooted by the foregoing, are **DENIED**.

By the Court:

Maria R. Hamilton, Clerk

cc:
Nicholas J. Fiorillo
James G. Atchison
Christopher A. Veara